MAKAR, J., concurring. I concur, albeit with misgivings, because the broad holding of E.A.R. v. State requires that we substitute our appellate judgment for that of trial judges who preside in juvenile delinquency dispositions by applying a strict judicially-created standard that substantially narrows the trial judge’s discretion, even though the legislative structure of the dispositional process itself does not mandate this intense degree of intercession. 4 So.3d 614, 635-39 (Fla. 2009); see also id. at 642 (Canady, J., dissenting). The statute merely says that a trial court “shall state for the record the reasons that establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.” § 985.433(7)(b), Fla. Stat. Ordinarily, appellate review of compliance with this type of statutory standard would entail whether competent substantial evidence supports a trial judge’s findings and reasons and whether her decision to disregard the agency’s dispositional recommendation is an abuse of discretion. But that was the dissent’s view in E.A.R., 4 So.3d at 640 (Canady, J., dissenting). Instead, under E.A.R., our review accords the trial court little deference, effectively upending the appellate paradigm. We are compelled to determine whether the trial court provided a sufficiently “logical and persuasive” explanation that flows from “a full reasoning and understanding on the record” as to why “ ‘one [dispositional] level is better suited to serving both the rehabilitative needs of the juvenile-in the least restrictive setting-and maintaining the ability of the State to protect the public from further acts of delinquency.’ ” M.J. v. State, 212 So.3d 534, 537-38 (Fla. 1st DCA 2017) (quoting E.A.R., 4 So.3d at 638). Appellate review under E.A.R. is deemed “rigorous,” making it “a difficult matter” to disregard an agency recommendation such that doing so “is no easy task and will take time and consideration.” M.H. v. State, 69 So.3d 325, 328 (Fla. 1st DCA 2011). Again, the statute itself doesn’t compel this degree of appellate inquiry; E.A.R. does, which binds us in the task to be performed. Ensuring that dispositions are done in a thoughtful way that protects society while placing juveniles in appropriate levels ,of restrictiveness is commendable, but where the record supports a dis-positional order—as in this case and others (such as M.H., 69 So.3d at 328 and B.L.R. v. State, 74 So.3d 173, 176 (Fla. 1st DCA 2011))—it makes little sense to reverse and remand for the trial court to amend the dispositional order by rotely inserting record evidence. The E.A.R. ship left the dock in 2009, but its wake shouldn’t preclude upholding dispositional orders under a harmless error approach. B.L.R., 74 So.3d at 178-79 (Wolf, J., dissenting) (suggesting that the failure to comply with E.A.R. may be harmless error in some circumstances).